MR. JUSTICE HUNT
dissenting:
I dissent.
I do not see how the majority can hold that the Workers’ Compensation Judge is correct in finding that the claimant “failed to carry his burden of proving [that] he is so vocationally disabled because of his injury that he has no reasonable prospect of finding employment in his normal labor market in view of his present vocational retraining program.” He is either able to work and does not need to be retrained, or he cannot work and needs to be retrained. If it is the latter then he is entitled to total compensation whether it is temporary or permanent.
The evidence is that he cannot return to his job involving hard physical labor and needs to be retrained. That finding puts him within the meaning of the definition of temporary total disability found at Section 39-71-116(19), MCA (1983), provided:
“ ‘Temporary total disability’ means a condition resulting from an injury as defined in this chapter that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit. Disability shall be supported by a preponderance of medical evidence.”
The majority seems to hold that for the worker anything is possible and it is up to him to prove what he cannot do. There was testimony by experts that he could get a position in the banking business. The *502 evidence shows the claimant to be an intelligent responsible person who may well have an aptitude for the banking business but how he would prove his capability one way or the other in that line without training is not clear from the evidence. Perhaps a claimant whose background is construction labor can move right into the banking business, but it will take a better record than the one before us to prove that. I would reverse the Workers’ Compensation Court.
MR. JUSTICE SHEEHY concurs in the dissent of MR. JUSTICE HUNT.